UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FRIENDS OF IMPACT CHARTER SCHOOLS        CIVIL ACTION
Plaintiff                                                                    **3:25-cv-00263-JWD-RLB**

VERSUS

EDUCATIONAL NETWORKS
Defendant

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

### I.    STATEMENT OF THE CASE

1. This action arises from Defendant Educational Networks' unauthorized grant of access to the Impact Charter School website to individuals who lack legal authority to control or modify it, resulting in the misappropriation of digital assets and funds belonging to Plaintiff Friends of Impact Charter Schools ("FOICS"), a 501(c)(3) nonprofit organization.

2. Plaintiff Chakesha Scott, in her capacity as the authorized representative of FOICS, brings this action seeking declaratory judgment establishing FOICS's rightful control over the website and associated accounts, injunctive relief to restore the website to its original state and prevent further unauthorized access, and damages for the harm caused by Defendant's actions.

3. Defendant Educational Networks has wrongfully permitted unauthorized individuals to access, modify, and potentially misappropriate digital assets and funds that rightfully belong to FOICS, despite being on notice of an ongoing federal lawsuit regarding the governance of Education Explosion, Inc.

1

## II.     PARTIES

1. Plaintiff Chakesha Scott is an individual and the authorized representative of Friends of Impact Charter Schools ("FOICS"), a 501(c)(3) nonprofit organization that manages student-related activities and associated financials for Impact Charter School.

2. Defendant Educational Networks is a corporation that provides website hosting and management services. Upon information and belief, Defendant has been providing these services to "Impact Charter School" since 2014.

## III. JURISDICTION AND VENUE

1. Friends of Impact Charter School is in Baton Rouge, Louisiana.

2. Educational Networks is in Coral Gables, FL 33134.

3. The amount in controversy exceeds $75,000.

4. Venue is in this district because plaintiff resides in this district and the actions giving rise to the claims occurred within this district.

## IV. FACTUAL ALLEGATIONS

1. "Impact Charter School" is not a legal entity but a dba name used by both Education Explosion, Inc. and Friends of Impact Charter Schools (FOICS).

2. FOICS manages all extracurricular activities and student-related financial operations, including those tied to digital platforms and infrastructure.

3. FOICS is also responsible for managing and overseeing all components of the school's website that relate to student programming and extracurricular activities. The website serves as a central platform through which FOICS operates its student activity programs, communicates with families, posts schedules, and facilitates digital services directly related to its nonprofit mission.

2

4. Since 2014, Educational Networks, Inc. has provided hosting and website management services for the school's online presence.

5. ENI has recognized FOICS as the appropriate contractual party, supported by contractual documentation and direct payments from FOICS for all related services.

6. In 2024, FOICS requested ENI to ensure the account profile clearly reflects its contractual agreement for compliance and clarity, which ENI acknowledged in writing.

7. In 2025, while a federal lawsuit regarding Education Explosion, Inc. 501c3 nonprofit governance was still pending, ENI granted full administrative access to the website to individuals aligned with a contested, state-appointed board.

8. These individuals, including Dr. Michelle Clayton, made unauthorized modifications to the website, including removing FOICS content and accessing protected financial and operational data.

9. Dr. Clayton also made public statements regarding FOICS-controlled funds without legal or operational knowledge, as reflected in a publicly filed affidavit.

10. Major financial institutions have frozen access to disputed funds until the federal litigation is resolved; ENI has not shown the same level of restraint or caution.

11. A federal court ruling is expected within the next 30 days, and ENI's continued unauthorized actions pose ongoing legal and operational risk to FOICS.

12. The website funds are legally tied to FOICS and are now being accessed by individuals who lack legal authority to do so.

13. Banking institutions associated with the school have frozen access to accounts pending the resolution of the federal lawsuit, yet Defendant continues to allow unauthorized access to digital assets and funds.

## CAUSES OF ACTION

**COUNT I: DECLARATORY JUDGMENT**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. An actual controversy exists between Plaintiff and Defendant regarding the rightful control of the Impact Charter School website and associated accounts.

3. Plaintiff contends that FOICS is the rightful controller of the website and associated accounts, as FOICS manages all student-related activities and associated financials for Impact Charter School.

4. Defendant has wrongfully granted access to the website and associated accounts to individuals who lack legal authority to control or modify them.

Pursuant to Rule 57. Declaratory Judgment
1. Plaintiff is entitled to a declaration that FOICS is the rightful controller of the Impact Charter School website and associated accounts, and that the individuals to whom Defendant granted access lack legal authority to control or modify them.

**COUNT II: INJUNCTIVE RELIEF**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's grant of access to the Impact Charter School website and associated accounts to individuals who lack legal authority to control or modify them has caused and will continue to cause immediate and irreparable harm to Plaintiff.

3. Plaintiff has no adequate remedy at law for this harm.

4. Plaintiff is likely to succeed on the merits of her claims.

5. The balance of equities favors granting injunctive relief to Plaintiff.

6. The public interest would be served by granting injunctive relief to Plaintiff.

7. Plaintiff is entitled to preliminary and permanent injunctive relief:

a. Requiring Defendant to restore the Impact Charter School website to its original state before any modifications were made by Dr. Clayton or other unauthorized individuals;

b. Requiring Defendant to freeze all administrative access to the website until a final ruling is made by the federal court in the pending litigation regarding the governance of Impact Charter School; and

c. Requiring Defendant to ensure that FOICS funds and account data remain fully protected and inaccessible to individuals who do not have legal authorization.

## COUNT III: NEGLIGENCE

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant owed a duty of care to Plaintiff to ensure that access to the Impact Charter School website and associated accounts was granted only to individuals with legal authority to control or modify them.

3. Defendant breached this duty by granting access to individuals who lack legal authority to control or modify the website and associated accounts.

4. Defendant's breach has caused and will continue to cause harm to Plaintiff, including but not limited to unauthorized modifications to the website and potential misappropriation of funds.

5. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial.

**COUNT IV: CONVERSION**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Plaintiff, through FOICS, has a right to possess and control the Impact Charter School website and associated accounts.

3. Defendant has wrongfully exercised dominion and control over the website and associated accounts by granting access to individuals who lack legal authority to control or modify them.

4. Defendant's actions have deprived Plaintiff of her right to possess and control the website and associated accounts.

5. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be determined at trial.

**COUNT V: BREACH OF CONTRACT**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Upon information and belief, Defendant entered into a contract with "Impact Charter School" to provide website hosting and management services.

3. As "Impact Charter School" is not a legal entity but rather a dba name used by FOICS, FOICS is the actual party to this contract.

4. The contract includes an implied term that Defendant would grant access to the website and associated accounts only to individuals with legal authority to control or modify them.

5. Defendant breached this implied term by granting access to individuals who lack legal authority to control or modify the website and associated accounts.

6. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment that FOICS is the rightful controller of the Impact Charter School website and associated accounts, and that the individuals to whom Defendant granted access lack legal authority to control or modify them;

B. Grant preliminary and permanent injunctive relief:

1. Requiring Defendant to restore the Impact Charter School website to its original state before any modifications were made by Dr. Clayton or other unauthorized individuals;

2. Requiring Defendant to freeze all administrative access to the website until a final ruling is made by the federal court in the pending litigation regarding the governance of Impact Charter School; and

3. Requiring Defendant to ensure that FOICS funds and account data remain fully protected and inaccessible to individuals who do not have legal authorization;

C. Award Plaintiff compensatory damages in an amount to be determined at trial;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff her costs and reasonable attorneys' fees; and

F. Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED BY:

*/s/ Kathleen M. Wilson*
Kathleen Wilson [28836]

**WILSON LAW FIRM, LLC**
1762 Dallas Dr,
Baton Rouge, LA 70806
Telephone: (225) 9238237
[wilsonlawfirmllc@gmail.com](mailto:wilsonlawfirmllc@gmail.com)
*Attorneys for Friends of Impact Charter Schools*