**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FRIENDS OF IMPACT CHARTER SCHOOLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-263-JWD-RLB** |
| **EDUCATIONAL NETWORKS** | |

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

     Signed in Baton Rouge, Louisiana, on June 26, 2025.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRIENDS OF IMPACT CHARTER SCHOOLS         CIVIL ACTION

VERSUS                                                                            NO. 25-263-JWD-RLB

EDUCATIONAL NETWORKS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Friends of Impact Charter Schools' ("Plaintiff") Complaint for Declaratory Judgment, Injunctive Relief, and Damages (the "Original Complaint") and Amended Complaint for Declaratory Judgment, Injunctive Relief, and Damages ("Amended Complaint"). (R. Docs. 1; 12). Based on the following, this Court, *sua sponte*, finds that diversity jurisdiction has not been established such that the case must be dismissed without prejudice.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[Federal courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). A federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Abdalmatiyn v. Harrison*, No. 13-1935, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott*

*Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*")); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Regarding the citizenship of Plaintiff and Educational Networks ("Defendant"), Plaintiff provided the following in its Original Complaint, which was filed on March 31, 2025 in this Court:

- "Friends of Impact Charter Schools [is] a 501(c)(3) nonprofit organization[.]"
- "Educational Networks is a corporation[.]"
- "The parties are citizens of different states."
- "Venue is in this district because [P]laintiff resides in this district[.]"

(R. Doc. 1). General or conclusory jurisdictional allegations are not sufficient. Accordingly, on April 29, 2025, this Court ordered Plaintiff to amend to assert the citizenship of the parties within fourteen (14) days of the order. (R. Doc. 8). Plaintiff was specifically informed that "A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party." *Id*.

Plaintiff completely disregarded this Order and did nothing to remedy the noted pleading deficiency. On May 27, 2025, this Court entered a nearly identical order, again providing Plaintiff fourteen days from that order to amend. (R. Doc. 10). Plaintiff failed to file an amended pleading within fourteen days. Plaintiff, however, filed the Amended Complaint on June 11, 2025, but only provided the following additional citizenship information:

- "Friends of Impact Charter School is in Baton Rouge, Louisiana."
- "Educational Networks is in Coral Gables, FL 33134."

(R. Doc. 12). The above does not properly allege the citizenship of the parties. Plaintiff is alleged to be a nonprofit organization, so this Court only assumes it is a corporation. Educational Networks, however, is specifically alleged by the Plaintiff to be a corporation. A party invoking diversity jurisdiction must allege the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The phrase "principal place of business" in §1332(c)(1) refers to the place or location where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Plaintiff has failed to allege—after multiple opportunities—where either of the parties are incorporated or where their principle places of business are. While Plaintiff alleges it is "in Baton Rouge, Louisiana[,]" this Court cannot be sure whether this is in reference to one random location, Plaintiff's principal place of business, or its state of incorporation. The same is true with regard to Plaintiff's allegation that Defendant is "in Coral Gables, FL 33134." (R. Doc. 12). Plaintiff was warned that a failure to file an amended complaint that set forth all necessary citizenship particulars could result in dismissal without prejudice. (R. Doc. 10). As Plaintiff has failed to cure its Original Complaint's citizenship deficiencies through the Amended Complaint, this Court cannot conclude that jurisdiction is proper. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on June 26, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**